UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES OF THE LAUNDRY, DRY CLEANING
WORKERS AND ALLIED INDUSTRIES HEALTH
FUND, UNITE HERE! and TRUSTEES OF THE
LAUNDRY, DRY CLEANING WORKERS AND        **PLAINTIFFS'**
ALLIED INDUSTRIES RETIREMENT FUND,        **SECOND**
UNITE HERE!,                              **AMENDED**
                                          **COMPLAINT**
                    Plaintiffs,

                                          07 Civ. 5980 (CM)
        -against-

HOME LAUNDRY SERVICE, INC.,

                    Defendant.
-----------------------------------------------------------------X

Plaintiffs, by their attorney Mark Schwartz, Esq., complaining of defendant, respectfully allege as follows:

### NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

### VENUE

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

### THE PARTIES

4. Plaintiff Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of

ERISA, 29 U.S.C. § 1002(1). Plaintiff Trustees of the Health Fund are "fiduciaries" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health Fund maintains its principal offices at 730 Broadway, New York, New York 10003.

5. Plaintiff Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! ("Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA 29, U.S.C. § 1002(2). Plaintiff Trustees of the Retirement Fund are fiduciaries within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Retirement Fund maintains its principal offices at 730 Broadway, New York, New York 10003.

6. Upon information and belief, Defendant Home Laundry Service, Inc. is a New Jersey corporation having its principal place of business at 421 Third Street, Jersey City, New Jersey 07302.

7. Laundry, Dry Cleaning, & Allied Workers Joint Board, UNITE HERE, ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and defendant have been parties to a series of collective bargaining agreements covering all relevant periods herein ("the Agreement"). Pursuant to said collective bargaining agreements, contributions to plaintiff Funds were and are due to be paid monthly by defendant.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

8. Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "7" of this Complaint with the same force and effect as if set forth at length herein.

9. Contributions to the Health Fund from defendant for the months of July 2007 through and including August 2007 have not been made and are now due and owing. By reason thereof, defendant is liable to Plaintiff Health Fund in the sum of $9,152.00 for the period stated.

10. No prior application has been made for the relief requested herein.

**AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF
TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT**

11. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "7" of this Complaint with the same force and effect as if set forth at length herein.

12. Contributions to the Retirement Fund from defendant for the months of July 2007 through and including August 2007 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Retirement Fund in the sum of $2,137.50 for the period stated.

13. No prior application has been made for the relief requested herein.

**AS AND FOR A THIRD CLAIM FOR RELIEF BY
PLAINTIFF TRUSTEES OF THE HEALTH FUND AND PLAINTIFF
TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT**

14. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "13" of this Complaint with the same force and effect as if set forth at length herein.

15. Defendant is now failing and, upon information and belief, will continue to fail to make contributions to the Funds in accordance with the terms and conditions of such Funds and the collective bargaining agreement between Defendant and the Union unless restrained by the Court.

16. No prior application for the relief requested herein.

**WHEREFORE**, plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! the sum of $9,152.00;

b.  Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! the sum of $2,137.50;

c.  Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and to the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! interest on the sums set forth in paragraphs "(a)" and "(b)" herein, to be computed at the rate of 10% per annum as required by Article 33(4)(a) of the Agreement and Section 502(g)(2)(c)(i) of ERISA, 29 U.S.C. §1132(g)(2)(C)(i);

d.  Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and to the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! liquidated damages on the sums set forth in paragraphs "(a)" and "(b)" herein, to be computed at the rate of 10% per annum, pursuant to the Section 502(g)(2)(c)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii);

e.  Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! late charges to be computed at a rate of fifteen (15%) percent per annum for every month or part of the month for which payment is delinquent as required by Article 33(4)(c) of the Agreement; and

f.  Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! attorneys' fees totaling fifteen (15%) percent of the aggregate amount of the delinquent contributions, interest and late charges as required by Article 33(4)(d) of the Agreement; and

g.  Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied

Industries Retirement Fund, UNITE HERE! all accountant's and auditors' fees and court costs of the instant action and all other costs incurred in connection with delinquent accounts as required by Article 33(4)(e),(f), and (g) of the Agreement; and

h. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE!, and ordering defendant to make such contributions in accordance with the terms and conditions of the Fund's rules and regulations and the collective bargaining agreement between defendant and the Union.

i. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: New York, New York
September 26, 2007

Trustees of the Laundry, Dry Cleaning Workers
and Allied Industries Health Fund, UNITE HERE!
and Trustees of the Laundry, Dry Cleaning
Workers and Allied Industries Retirement Fund,
UNITE HERE!, Plaintiffs

By: _____
Mark Schwartz, Esq. (MS 0148)
Attorney for Plaintiffs
730 Broadway – 10th Floor
New York, New York 10003
(212) 539 - 5275